## FIELD *v.* IRELAND and others.

(*Circuit Court, N. D. New York.* April 5, 1884.)

PATENT—INFRINGEMENT—GLOVE-FASTENERS.

> The case of *Field* v. *Comeau,* 17 O. G. 568, followed; holding that the complainant's patent for a glove-fastener, consisting of an automatic wire spring, is not infringed by a device consisting of stiff arms pivoted at one end.

In Equity.

*Eugene N. Elliot,* for complainant.

*James M. Dudley,* for defendants.

COXE, J. The complainant has a patent for an improvement in glove-fastenings. The claim is in the following words: "The combination, substantially as described, of a spring, A, with the split portion, B, of a glove, for the purpose specified." In *Field* v. *Comeau,* 17 O. G. 568, Judge WHEELER restricted this claim to the particular style of spring described in the specification and drawings. That decision is controlling. No broader construction can now be given to the patent. The question of infringement, therefore, alone remains to be considered.

The complainant's spring is made of a single piece of wire and is automatic and continuous in its operation. When the spring is in repose the arms are together and overlap. When drawn apart they will immediately fly back if released. The defendants' device, on the contrary, is composed of two stiff arms pivoted at one end. A spring is riveted to one arm which connects, at its free end, with a link fastened to the end of the other. When the arms are open, and by pressure upon them the link is brought above the pivot, the spring acts, and the arms come together. At right angles the arms remain open and the spring does not begin to operate in closing them until they have been brought to an angle of about 45 degrees. The points of difference between the two devices are many and radical. But the reasoning of the *Comeau Case* seems conclusive upon this question also. The spring which was there held not to infringe is almost the exact counterpart of the defendants' spring. They differ only in minute and unimportant particulars. The one operates on a cam, the other on a link; with this exception they are alike. In speaking of the defendants' spring in that case the learned judge uses language which would be equally applicable here. He says:

> "The form of the defendants' spring is different from the orator's, its mode of operation is different, and the result of its operation is somewhat different. It cannot be said to be the same as the orator's, or to be substantially like the orator's. Each got the idea of closing the wrists of gloves by means of springs from others. The orator carries out the idea in his mode, and the defendants in theirs, and, as neither has control of anything but the particular mode, neither can justly say that the other uses his mode."

The two cases cannot be successfully distinguished.

There should be a decree for the defendants, with costs.